[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13204
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00173-TJC-TEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALLAS DEVANE SYLVESTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Dallas Sylvester appeals the district court's denial of his motion for a

sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the

Sentencing Guidelines.  In 2009, Sylvester pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  At sentencing, the district court found that Sylvester was a career offender pursuant to U.S.S.G. § 4B1.1 and that his enhanced advisory guideline range was 151 to 188 months.  After the government filed a substantial assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the court then reduced Sylvester's guideline range to 120 to 150 months and sentenced Sylvester to 120 months' imprisonment.  The court later denied Sylvester's § 3582(c)(2) motion challenging his sentence.  On appeal, Sylvester argues that the district court erred in concluding that Amendment 750 did not reduce his guideline calculations because it had sentenced Sylvester under the career offender provisions of § 4B1.1.  After thorough review, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).  We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting en banc overrules that opinion.  Id.

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission has noted,

2

however, that a defendant is ineligible for a sentence reduction where an amendment "does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). The Guidelines explain that the amendment relied upon for § 3582(c)(2) relief must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." Id.

Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in § 2D1.1(c). U.S.S.G. App. C, amend. 750 (2011). Amendment 750 did not make any changes to § 4B1.1, the career offender guideline provision. See id.

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not under § 2D1.1 based on his attributed drug quantities. U.S.S.G. § 4B1.1; United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008). In Moore, we held that Amendment 706, which reduced the base offense level for crack cocaine offenses, was inapplicable to the sentences of four defendants who had been sentenced under § 4B1.1 as career offenders. 541 F.3d at 1327-30. The defendants' sentences were based on the applicable guideline ranges

3

for career offenders, and the defendants' otherwise applicable base offense levels under § 2D1.1 played no role in the calculation of those ranges. Id. at 1330.

Notably, in that case, defendant Moore had received a sentence below his otherwise applicable career offender guideline range, and the district court had provided that the downward departure was predicated on the government's § 5K1.1 motion for a downward departure based on substantial assistance. Id. at 1325, 1330. We noted that the district court did not find that Moore's criminal history was overrepresented under § 4B1.1, and there was no indication that the district court had sentenced Moore to a downward departure sentence based on the guideline range that would have applied absent the career offender designation. Id. at 1330. In his appeal, Moore had relied on two district court cases that had permitted § 3582(c)(2) relief for career offender defendants where the original sentencing courts had departed downward pursuant to § 4A1.3 from the career offender guidelines to the original Chapter Two sentencing range. Id. at 1329. We held that those cases were dissimilar from Moore's case because, for Moore, "there [was] no basis for concluding that the reduction of Moore's base offense level lowered the sentencing range relied upon by the district court in determining his sentence." Id. at 1330.

In Freeman v. United States, a four justice plurality of the Supreme Court ruled that § 3582(c)(2) relief is available to a defendant who entered into a

Fed.R.Crim.P. 11(c)(1)(C) plea agreement that includes an agreed-upon sentence that is expressly based on a guideline range that has been subsequently lowered by the Sentencing Commission. 131 S.Ct. 2685, 2690 (2011). In her concurring opinion, Justice Sotomayor said that sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement are "based on" the plea agreement itself and not the applicable guideline range. Id. at 2696 (Sotomayor, J., concurring in the judgment). Nonetheless, where a plea agreement expressly applied a particular guideline range, Justice Sotomayor agreed that the plea agreement was based on that guideline range. Id. at 2697 (Sotomayor, J., concurring in the judgment). If that guideline range is later lowered by the Sentencing Commission, the defendant would be eligible to seek § 3582(c)(2) relief. Id.

We've since held, after Freeman, that Moore remains binding precedent in this Circuit. Lawson, 686 F.3d at 1321. We explained in Lawson that neither the Freeman plurality nor Justice Sotomayor "addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." Id. We concluded that Freeman was not "clearly on point to the issue that arose in Moore" -- whether career offenders were eligible for § 3582(c)(2) relief based on the retroactive lowering of crack cocaine base offense levels. Id. We therefore held that a defendant who was convicted of a crack cocaine offense, but sentenced as a career

offender under § 4B1.1, was still not eligible for a § 3582(c)(2) reduction under Amendment 750. Id.

Here, the district court properly denied Sylvester's § 3582(c)(2) motion because, as a career offender, Amendment 750 did not have the effect of lowering his guideline range. See id. Contrary to his arguments on appeal, Sylvester's guideline range was "based on" the career offender guideline in § 4B1.1, not the drug quantity guideline in § 2D1.1 that was affected by Amendment 750. See id.

As for Sylvester's argument that the Supreme Court's decision in Freeman abrogated this Court's decision in Moore, our decision in Lawson explicitly foreclosed this argument. See id. It is immaterial that, unlike the defendant in Lawson, Sylvester received a substantial assistance downward departure from his career offender guideline range because the advisory guideline range at issue in a § 3582(c)(2) proceeding is the range determined prior to any departures or variances by the sentencing court. U.S.S.G. § 1B1.10, comment. (n.1(A)). In this instance, that range was Sylvester's range under § 4B1.1. Moreover, like Moore, Sylvester's reduction was based on substantial assistance, not on the district court's desire to depart downward to the § 2D1.1 guideline range. See Moore, 541 F.3d at 1329-30.

**AFFIRMED.**

6